# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE          )
                          )
     v.          )          I.D. No. 1605013801
                          )
KARL MANUEL,              )
                          )
    Defendant.          )

Submitted: February 28, 2024
Decided: February 29, 2024

*Upon Defendant's Motion to Correct Illegal Sentence Pursuant to Delaware Superior Court Criminal Rule 35(a)*
**GRANTED.**

## ORDER

Karl Manuel, SBI# 332040, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 19977, *pro se.*

Zachary Rosen, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, DE 19801, Attorney for the State.

**WHARTON, J.**

This 29th day of February 2024, upon consideration of Defendant Karl Manuel's ("Manuel") Motion to Correct Illegal Sentence Pursuant to Delaware Superior Court Criminal Rule 35(a) ("Motion"),[1] the State's Response,[2] and the record in this matter, it appears to the Court that:

1.     Manuel was found guilty in a bench trial of Possession of a Firearm by a Person Prohibited ("PFBPP"), Possession of Ammunition by a Person Prohibited ("PABPP"), Carrying a Concealed Deadly Weapon ("CCDW"), and Failure to Wear a Seatbelt.[3]  The Indictment alleged that all of the offenses occurred on or about May 19, 2016.[4]  Manuel was declared an habitual offender as to both the PFBPP and CCDW charges and sentenced to a combined 23 years at Level 5.[5]  He received a probation sentence on the PABPP charge and a fine on the seatbelt charge.[6]  On May 8, 2018, the Delaware Supreme Court affirmed Manuel's conviction and sentence.[7]

2.     Manuel filed a timely first postconviction relief motion pursuant to Superior Court Criminal Rule 61 on April 23, 2019.[8]   That motion was denied on November 10, 2020.[9]   The Delaware Supreme Court affirmed this Court on

[1] D.I. 65.
[2] D.I. 67.
[3] D.I. 19.
[4] D.I. 4.
[5] D.I. 31.
[6] *Id.*
[7] *Manuel v. State,* 2018 WL 2127136 (Del. 2018).
[8] D.I. 36.
[9] *Sate v. Manuel,* 2020 WL 6588491 (Del. Super. Ct. Nov. 10, 2020).

September 23, 2021.[10] This Court denied Manuel's Motion for Modification of Sentence under Rule 35(b) on October 28, 2022.[11]

3. In this Motion Manuel contends that his sentence violates "'ex post facto' principles," in violation of his due process rights under the Delaware and United States constitutions as well constituting "cruel and unusual punishment."[12] He makes two claims in particular, both related to his status as an habitual offender.

4. By way of background, prior to sentencing, the State moved to declare Manuel an habitual offender and for the Court to impose the sentencing provisions of 11 *Del. C.* § 4214(d) when it sentenced him on both the PFBPP and CCDW charges.[13] In support of its petition, the State cited two prior convictions for assault second degree – one for which Manuel was sentenced on March 20, 1996 and the other for which he was sentenced on September 4, 2008.[14] The State alleged that the charges for which it sought habitual offender sentencing collectively represented Manuel's third felony conviction under 11 *Del. C.* § 4214(d) - the habitual offender statute.[15]

5. At the time Manuel was sentenced in January 2017, § 4214(d) provided:

> (d) Any person who has been 2 times convicted of a Title 11 violent felony, or attempt to commit such a violent

[10] *Manuel v. State,* 2021 WL 4347080 (Del. 2021).
[11] D.I. 64
[12] D.I. 65.
[13] D.I. 21.
[14] *Id.*
[15] *Id.*

felony, as defined under § 4201(c) of this title under the laws of this State…, and who shall thereafter be convicted of a 3rd or subsequent felony which is a Title 11 violent felony, or an attempt to commit such violent felony, as defined in § 4201(c) shall receive a minimum sentence of the statutory maximum penalty provided elsewhere in this title for the 3rd or subsequent Title 11 violent felony which forms the basis of the State's petition to have the person declared an habitual criminal, up to life imprisonment.[16]

6. Manuel's first claim is that it was an *ex post facto* violation to apply a July 19, 2016 amendment to the habitual offender statute to his offenses which occurred two months earlier on May 19, 2016.[17] He reasons that "It was an ex post facto violation to apply the July 19, 2016 sentencing amend. to a May 19, 2016 offense because the law at the time of the crime controls the sentence that may be imposed."[18] The PFDCF and CCDW charges occurred on May 19, 2016.

7. Manuel's second claim challenges his status as an habitual offender. This second argument is based on the number of felony convictions required to be declared an habitual offender at the time he committed the most recent crimes. He argues that the petition to declare him an habitual offender only cited two prior assault second degree convictions. Since assault second degree was not one of the specified crimes that allowed a defendant to be declared an habitual offender on the

---

[16] *See,* 80 *Del. Laws,* c. 321, § 1 (2016).
[17] D.I. 65.
[18] *Id.*

third felony conviction, three prior convictions were required to declare him an habitual offender.

8.    Prior to July 19, 2026, 11 *Del. C.* § 4214 specified:

(a) Any person who has been 3 times convicted of a felony, other than those which are specifically mentioned in subsection (b) of this section, under the laws of this State…, and who shall thereafter be convicted of a subsequent felony of this State is declared to be an habitual offender, and the court in which the fourth or subsequent conviction is had, in imposing sentence, may in its discretion, impose a sentence of up to life imprisonment upon the person so convicted. Notwithstanding any provision of this title to the contrary, any person sentenced pursuant to this subsection shall receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this title for the fourth or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal except that this minimum provision shall apply only when the fourth or subsequent felony is a Title 11 violent felony, as defined in § 4201(c) of this title.

(b) Any person who has been 2 times convicted of a felony or an attempt to commit a felony hereinafter specifically named, under the laws of this State…, and who thereafter shall be convicted of a subsequent felony hereinafter specified, or an attempt to commit such specific felony, is declared to be an habitual criminal, and the court in which such third or subsequent conviction is had, in imposing sentence, shall impose a life sentence upon the person so convicted…[19]

Notably, assault second degree was not listed as a specified felony under § 4214(b).[20]

---

[19] *See,* 80 *Del. Laws* c. 321, § 1, (2016).
[20] *Id.*

9.    The State responds that Manuel is correct in that the version of § 4214 applicable to him is the older, 2016 version.[21]  Nevertheless, the State contends that Manuel is still eligible to be sentenced under that older version of § 4214 because he was convicted previously of three separate and distinct felonies before his present convictions.[22]  Should the Court grant the Motion, the State intends to file a new habitual offender petition, which, if granted, according to the State would result in the same minimum mandatory sentences as originally imposed.[23]

10.    Manuel is correct that the habitual offender statute applicable, if at all, to him for the crimes for which he was sentenced is the one in force prior to the 2016 amendment.  Accordingly, his Motion is **GRANTED** and the Court will resentence him.  Regardless of whether the same sentence ultimately is reimposed, the Court finds it necessary and appropriate to sentence Manuel under the statute in effect when he committed the crimes.[24]

**THEREFORE,** Manuel's Motion to Correct Illegal Sentence Pursuant to Delaware Superior Court Criminal Rule 35(a) is **GRANTED.**  A new sentencing date will be scheduled as soon as possible.

**IT IS SO ORDERED.**

/s/ Ferris W. Wharton
Ferris W. Wharton, J.

---

[21] D.I. 67.
[22] *Id.*
[23] *Id.*
[24] The Court will consider a new petition to declare Manuel an habitual offender if and when it is presented.  The Court makes no judgment about his status here.